J-A03040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THREE RIVERS ROYALTY, LLC A TEXAS LIMITED LIABILITY COMPANY, AND MAPLETON MINERALS, LLC A PENNSYLVANIA LIMITED LIABILITY COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| LORRAINE CANESTRALE TRUST-C, AND RANGE RESOURCES-APPALACHIA, LLC A DELAWARE LIMITED LIABILTY COMPANY | No. 1302 WDA 2018 |

Appeal from the Order Entered August 10, 2018
In the Court of Common Pleas of Washington County Civil Division at
No(s):  Case No. 2017-2788

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.:

FILED: June 21, 2019

While the learned Majority sets forth a cogent analysis of the deeds in question, I am not convinced.  As the Majority recognizes, in construing the language of a deed, "[w]e seek to ascertain not what the parties may have intended by the language but what is the meaning of the words they used." Majority at 7 (citing **Consolidation Coal Co. v. White**, 875 A.2d 318, 326 (Pa. Super. 2005)).  Examining the parties' intent is important, but so are the words they choose.  When the plain language of the deed is clear and not ambiguous, we need not look any further to determine the parties' intent.  **Murphy v. Karnek**, 160 A.3d 850, 860 (Pa. Super. 2017).  In the

_____
*Retired Senior Judge assigned to the Superior Court.

instant case, the parties chose to describe the property conveyed as "surface tracts" and "surface parcels." Amended Complaint, 9/26/17, at Exhibit A. In my view, surface means surface. Use of such a word indicates that the parties did not intend to convey the mineral estate or the right to subjacent support. Therefore, I respectfully dissent.